IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY HUTT, et al. | : | CIVIL ACTION |
|     Plaintiffs | : | |
| | : | |
| v. | : | NO. 04-03440 |
| | : | |
| ALBERT EINSTEIN MEDICAL | : | |
| CENTER, et al. | : | |
| | : | |
|     Defendants | : | |

**Stengel, J.**                                                             **September 28, 2005**

## MEMORANDUM AND ORDER

This action is nearly identical to more than 30 other actions filed throughout the country's federal courts.[1] Defendant American Hospital Association (the "AHA") has filed a Motion to Dismiss Plaintiffs' First Amended Complaint ("Complaint") pursuant to Federal Rule 12(b)(6). The AHA has demonstrated that Plaintiffs' claims have no basis, and I will grant the motion.

**II.   BACKGROUND**

Plaintiffs filed this purported class action Complaint on August 25, 2004 as described in the Memorandum and Order granting defendants Albert Einstein Medical

---

[1] See, e.g., Amato v. UPMC, 371 F. Supp. 2d 752 (W.D. Pa. 2005); Kizzire v. Baptist Health System, Inc., 343 F. Supp. 2d 1074 (N.D. Ala. 2004); Cargile v. Baylor Health Care System, No. 3:04-CV-1365-B (N.D. Tex. Aug. 10, 2005); Kolari v. New York-Presbyterian Hosp., 04-CIV-5733LAP, 2005 WL 710452 (S.D.N.Y. March 29, 2005); Darr v. Sutter Health, 04-CIV-02624, 2004 WL 2873068 (N.D. Cal. Nov. 30, 2004).

1

Center, Albert Einstein Healthcare Network, and Jefferson Health System's Motion to Dismiss (the "Prior Memorandum and Order"). With respect to the AHA, the Complaint alleges claims for: (1) civil conspiracy, and (2) aiding and abetting.

## II.     Standard for a Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A federal court may grant a motion to dismiss only where "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004) (quoting Conley, 355 U.S. at 45-46). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id. See also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. A plaintiff, however, must plead specific factual allegations. Neither "bald assertions" nor "vague and

conclusory allegations" are accepted as true.  See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).  Accordingly, "a court should not grant a motion to dismiss 'unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Conley, 355 U.S. at 45-46; Graves v. Lowery, 117 F.3d 723, 726 (3d Cir. 1997).

### III. DISCUSSION

Plaintiffs allege that the AHA conspired with and aided and abetted the other defendants' wrongful actions as described in the Prior Memorandum and Order.  Three general factual allegations make up Plaintiffs' civil conspiracy and aiding and abetting allegations against the AHA.  First, the Complaint alleges that the AHA petitioned the Secretary of the Department of Health and Human Services to clarify or change administrative agency regulations in the AHA's favor.  Am. Compl. ¶¶ 210, 219.  Second, the Complaint alleges that the AHA published "white papers" on topics of concern to the healthcare industry, such as billing and collection practices for uninsured patients, and allowed its member hospitals to purchase or borrow these materials.  Id. at ¶¶ 47-48, 209.  Finally, the Complaint alleges that the AHA failed to publicly report the amount of uncompensated medical care its member hospitals provide each year.  See id. at ¶¶ 49, 220.

Neither conspiracy nor aiding and abetting are independent causes of action in Pennsylvania.  See Allegheny General Hosp. v. Philip Morris, Inc., 228 F.3d 429, 446 (3d Cir. 2000); Caplan v. Fellheimer Eichen Braverman & Kaskey, 884 F. Supp. 181, 184 (E.D. Pa. 1995) ("[a] claim for civil conspiracy can only proceed when there is a cause of action for the underlying act"); Kranzdorf v. Green, 582 F. Supp. 335, 337 (E.D. Pa. 1983) ("[t]he elements of a claim for common law aiding and abetting are:  (1) that an *independent wrong exist . . . .*") (emphasis added).  Rather, these causes of action may proceed only when there is an underlying separate and independent cause of action.  Id.

As discussed in the Prior Memorandum and Order, this Court has dismissed each of Plaintiffs' federal and state law claims against defendants Albert Einstein Medical Center, Albert Einstein Healthcare Network, and Jefferson Health System.  As a result, Plaintiffs may not claim that the AHA conspired with or aided and abetted any of the other defendants' wrongful actions because there are no viable underlying and independent causes of action.  Accordingly, this Court grants the AHA's Motion to Dismiss.

**IV.   CONCLUSION**

For the reasons described above, I grant the AHA's Motion to Dismiss.  An appropriate order follows.

4

## ORDER

**AND NOW,** this _____ day of September, 2005, upon consideration of the AHA's Motion to Dismiss (Doc. No. 24) and all responses thereto, it is hereby **ORDERED** that the motion is **GRANTED**.

                                             **BY THE COURT:**


                                             _____
                                             **LAWRENCE F. STENGEL, J.**